1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    F. STUART WESTMORLAND,

9            Plaintiff,                          CASE NO. C07-1435MJP

10       v.

11   MICHELE WESTMORLAND,                        ORDER GRANTING
                                                 DEFENDANT'S MOTION TO
12                                               DISMISS FOR LACK OF
             Defendant.                          SUBJECT MATTER
13                                               JURISDICTION

14

15       This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter

16   jurisdiction. (Dkt. No. 7.)  The Court, having considered Defendant's motion, Plaintiff's response,

17   (Dkt. No. 16) and Defendant's reply, (Dkt. No. 23) GRANTS Defendant's motion to dismiss for lack

18   of subject matter jurisdiction and DISMISSES THE CASE WITH PREJUDICE.

                                           **BACKGROUND**
19
20       F. Stuart and Michele Westmorland were married on October 4, 1997.  The couple separated

21   on October 23, 2006, and are now in dissolution proceedings in King County Superior Court.  On

22   September 13, 2007, Mr. Westmorland commenced this separate action against Mrs. Westmorland.

23       Prior to, and during, marriage Mr. Westmorland worked as a commercial photographer.  He

24   claims that Mrs. Westmorland is seeking a distribution of copyrights obtained by him prior to marriage

25   as well as income and other benefits associated with those copyrights.  He asks the Court to declare

26   that a Washington state court cannot award any copyrights created by him prior to or after dissolution

ORDER - 1

1  of his marriage, including any associated royalties or other economic benefits.  In addition, Mr.

2  Westmorland requests that the Court enjoin Mrs. Westmorland from seeking an award of ownership of

3  the copyrights, or any of the rights emanating from such copyrights, in the pending dissolution.[1]

4      On October 4, 2007, Mrs. Westmorland brought this motion to dismiss.[2]  She argues that the

5  Court lacks subject matter jurisdiction because Mr. Westmorland's complaint does not "arise under"

6  the Copyright Act.

7  **Discussion**

8  **I.  Subject Matter Jurisdiction**

9      Under 28 U.S.C. § 1338(a), "district courts shall have original jurisdiction of any civil action

10  arising under any Act of Congress relating to . . . copyrights . . . ."  The Ninth Circuit has recently

11  explained when an action "arises under" the Copyright Act:

12  > [A]n action "arises under" the Copyright Act if and only if the complaint is for a remedy
13  > expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for
> record reproductions, or asserts a claim requiring construction of the Act . . . or, at the
14  > very least and perhaps more doubtfully, presents a case where a distinctive policy of the
> Act requires that federal principles control the disposition of the claim.

15  Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 986 (9th Cir. 2003) (citing T.B.

16  Harms Co. v. Eliscu, 339 F.2d 828 (2d Cir. 1964)) (hereinafter "Harms test").  Therefore, subject

17  matter jurisdiction is present where (1) the complaint requests a remedy expressly granted by the

18  Copyright Act, (2) a claim requires construction of the Copyright Act, or (3) a claim implicates a

19  distinctive policy of the Copyright Act requiring that federal principles control.  As explained bleow,

20  Mr. Westmorland's complaint does not satisfy any of the prongs of the Harms test.

---

24  [1]  Mr. Westmorland filed an amended complaint as a matter of course, see Fed. R. Civ. P. 15(a), but then filed a second amended complaint without leave of the Court or the written consent of Mrs. Westmorland in violation of Rule 15(a). Because Mrs. Westmorland substantively addresses the new
25  complaint in her briefing, and the Court would likely have granted leave to amend, the Court will not strike the second amended complaint.

26  [2]  Mr. Westmorland separately filed a motion for summary judgment.  However, the Court considers whether it has jurisdiction before it addresses any substantive motions.

ORDER - 2

**A.  Remedy Expressly Granted by the Copyright Act**

Mr. Westmorland's complaint fails the first prong of the Harms test because he does not seek a remedy expressly granted by the Copyright Act.  The parties do not dispute that Mr. Westmorland was the original owner of the copyrights to images he created prior to marriage.  Under the Copyright Act, the owner of a copyright has the exclusive right to do or authorize the reproduction, adaptation, distribution, performance, and display of the copyrighted work.  17 U.S.C. § 106.  "Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright or right of the author, as the case may be."  17 U.S.C. § 501(a).  And "[a]ny court having jurisdiction of a civil action arising under this title may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502.  However, as explained by the Fifth Circuit, "none of these rights [– reproduction, adaptation, distribution, performance, and display –] either expressly or implicitly include the exclusive right to enjoy income or any of the other economic benefits produced by or derived from copyrights."  Rodrigue v. Rodrigue, 218 F.3d 432, 435 (5th Cir. 2000).  Furthermore, in Harms, Judge Friendly noted that "[t]he relevant statutes create no explicit right of action to enforce or rescind assignments of copyrights, nor does any copyright statute specify a cause of action to fix the locus of ownership."  339 F.2d at 827.

Mr. Westmorland seeks an order enjoining Mrs. Westmorland from seeking an award of (1) ownership of the copyrights, or (2) any of his exclusive rights in his pre-marital images.  Furthermore, Mr. Westmorland requests that the Court declare that, if asked, a Washington state court may not make such an award.  The fatal flaw in Mr. Westmorland's complaint is that he does not seek to enjoin infringement of his exclusive rights to reproduce, adapt, distribute, perform, or display his allegedly copyrighted work.  Because his action relates only to ownership and economic benefits related to copyrights, his request is outside the scope of any remedy under the Copyright Act.

**B.  Suit Requiring Construction of the Copyright Act**

Mr. Westmorland also argues that his claim requires construction of the Copyright Act for several reasons, none of which has merit.  He appears to argue that any claim involving the Copyright

ORDER - 3

1  Act necessarily involves <u>interpretation</u> of the Copyright Act.  However, Mr. Westmorland asks the

2  Court to <u>apply</u> the Copyright Act not <u>interpret</u> the Copyright Act.  Because Mr. Westmorland fails to

3  explain how his claim involves any kind of statutory construction, this prong of the <u>Harms</u> test is not

4  met.

5  **C.  Policy**

6  Mr. Westmorland argues argues that the policies of the Copyright Act require that federal

7  principles control the disposition of his claim.  Mr. Westmorland cites the policies of promoting

8  economic incentives to authors, market certainty, and national uniformity.  But these policies relate to

9  infringement of one of the enumerated rights in the Copyright Act, not the economic benefits

10  associated with copyright ownership.   None of the enumerated rights in 17 U.S.C. § 106 includes the

11  right to economic benefits.  Furthermore, Mr. Westmorland has failed to show how the Copyright

12  Act's policies in promoting national uniformity and certainty in the marketplace would be affected by

13  Mrs. Westmorland's, or the state court's, actions.

14  Finally, in an apparent attempt to satisfy the third prong of the <u>Harms</u> test Mr. Westmorland

15  argues that federal preemption is a federal principle.  This argument is misplaced: preemption is not a

16  <u>policy</u> promoted by the Copyright Act.  Although Congress invoked that principle in order to

17  implement the policies behind the Copyright Act, <u>see</u> H.R. Rep. 94-1476 at 129, preemption itself is

18  not the policy.

19  **II.  Other Issues**

20  Alternatively, Mr. Westmorland argues that the <u>Harms</u> test does not apply.  First, he argues

21  that the <u>Harms</u> analysis only applies to "hybrid" cases.  Second, he argues that the Copyright Act

22  preempts any state dissolution action involving copyrights.

23  Mr. Westmorland argues that the <u>Harms</u> test only applies to "hybrid" cases that involve mixed

24  issues of contract law (typically reserved for the state courts) and copyright law (a federal question),

25  and that this is not a "hybrid" case.  The Second Circuit case relied upon by Mr. Westmorland

26  reaffirmed that court's commitment to using the <u>Harms</u> test in cases presenting mixed questions of

ORDER - 4

contract and copyright law.  See Bassett v. Mashantucket Pequot Tribe, 204 F.3d 343 (2nd Cir. 2000).  But that case does not stand for the proposition that the Harms test is to be used only in the "hybrid" context.  And in the Ninth Circuit's most recent case addressing this issue, it did not limit the application of the Harms test to such "hybrid" cases.  See Scholastic Entm't, 336 F.3d at 986.  Mr. Westmorland presents no case law that would bring this matter into question.

Mr. Westmorland also argues that the Harms test does not apply because the Copyright Act preempts Washington law.  Indeed, the Copyright Act does preempt state laws to the extent that they "are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 [i.e., reproduction, adaptation, distribution, performance, and display]."  17 U.S.C. § 301(a).  But Mr. Westmorland has failed to state a claim that "arises under" the Copyright Act.  Because the Court does not have jurisdiction, the Court need not reach the issue of preemption.

Finally, Mr. Westmorland draws the Court's attention to a Fifth Circuit case involving a conflict between Louisiana community property law and the Employee Retirement Income Security Act ("ERISA").  See Boggs v. Boggs, 82 F.3d 90 (5th Cir. 1996), overruled on other grounds 520 U.S. 833 (1997).  Boggs is distinguishable because in that case Plaintiff's claim was "expressly authorized by the jurisdictional provisions of [ERISA.]"  Id. at 94.  Here, there is no federal copyright claim triggering the Court's jurisdiction.  Any reliance on Boggs for the proposition that jurisdiction can be based on principles of federal preemption is misplaced.

### Conclusion

Mr. Westmorland's complaint does not seek a remedy expressly granted by the Copyright Act.  His claims do not involve issues of statutory construction, nor do they present a distinctive policy of the Copyright Act requiring federal principles to control.  Because Mr. Westmorland's claims do not arise under the Copyright Act, the Court lacks subject matter jurisdiction and will not upset the state court's dissolution power.  Therefore, Mrs. Westmorland's motion to dismiss is GRANTED and this case is DISMISSED WITH PREJUDICE.  Because the Court does not have jurisdiction over the

ORDER - 5

1   issues presented in Plaintiff's complaint, the Court TERMINATES Plaintiff's separately filed motion for

2   summary judgment (Dkt No. 9).

3

4          DATED:  December 10, 2007.

5

6                                          s/ Marsha J. Pechman
                                           Marsha J. Pechman
7                                          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 6